UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| WILLIAM SCALES, | |
| Plaintiff, | 23-CV-7607 (LTS) |
| -against- | TRANSFER ORDER |
| WEBSTER BANK, | |
| Defendant. | |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff brings this action, *pro se*, asserting state law claims and invoking the court's federal

question and diversity of citizenship jurisdiction under 28 U.S.C. §§ 1331, 1332. He names as the

sole defendant, Webster Bank, which is headquartered in Stamford, Connecticut. For the following

reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court

for the District of Connecticut.

### DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of
the State in which the district is located; (2) a judicial district in which a substantial
part of the events or omissions giving rise to the claim occurred, or a substantial part
of property that is the subject of the action is situated; or (3) if there is no district in
which an action may otherwise be brought as provided in this section, any judicial
district in which any defendant is subject to the court's personal jurisdiction with
respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and

an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to

personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Webster Bank breached a contract in connection with a business loan.

Webster Bank is headquartered in Connecticut where it appears the alleged breach occurred. (ECF

No. 1 at 5). Because Webster Bank is headquartered in Connecticut, where it appears, from the face

of the complaint, that the alleged events occurred, it does not appear that venue is proper in this District under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Stamford, Connecticut, which is in the District of Connecticut. *See* 28 U.S.C. § 86. Accordingly, venue lies in the District of Connecticut, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the District of Connecticut, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Connecticut. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 9, 2024
             New York, New York

                                                    /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge