UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WILLIAM SCALES,
    *Plaintiff*,

v.

WEBSTER BANK, N.A.,
    *Defendant.*

No. 3:24-cv-50 (VAB)

**RULING AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

William Scales ("Plaintiff"), proceeding *pro se*, has sued Webster Bank, N.A. ("Webster Bank" or "Defendant") for breach of contract, negligence, and spoliation of documents based on Webster Bank's denial of his business loan application. Compl., ECF No. 1 at 2, 7 (Aug. 25, 2023) ("Compl.")

Webster Bank has moved for summary judgment. Mot. for Summ. J., ECF No. 20-5 (Feb. 19, 2025) ("Mot. for Summ. J.")

For the following reasons, Webster Bank's motion for summary judgment is **GRANTED**.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

    **A.  Factual Background[1]**

On or around December 10, 2021, Taskem Corporation, a company Mr. Scales owns, applied for an SBA Express Line of Credit loan application of up to $250,000 from Webster Bank.

---

[1] The factual allegations are taken from the Defendant's Local Rule 56(a)1 Statement and supporting exhibits. Local Rule 56(a)2 requires the party opposing summary judgment to submit a Local Rule 56(a)2 Statement which contains separately numbered paragraphs corresponding to the Local Rule 56(a)1 Statement and indicating whether the opposing party admits or denies the facts set forth by the moving party. Each denial must include a specific citation to an affidavit or other admissible evidence. D. Conn. L. Civ. R. 56(a)3.
    Although the Defendant informed Mr. Scales of his obligation to respond to the motion for summary judgment and the contents of a proper response, *see* Def.'s Notice to *Pro Se* Litigant Opposing

Webster Bank's Statement of Material Undisputed Facts, ECF No. 20-4 ¶¶ 2, 3 ("Def SMF"); Almonte Aff., Ex. A, ECF No. 20-3 at 7 ("Loan Application"). Mr. Scales was listed as the guarantor on the application. Loan Application, ECF No. 20-3 at 10. The Loan Application included several fields regarding information about Taskem Corporation, such as the date it was established, and its projected business growth in the next year, as well as the purpose of the loan. *Id.* at 7. The Loan Application also indicated that additional documents would be required for the loan, such as two years of business tax returns for Taskem Corporation and two years of personal tax returns for Mr. Scales. *Id.* at 14.

Webster Bank's underwriting department reviewed the application and determined that Taskem Corporation lacked credit worthiness. Almonte Aff., ECF No. 20-3 ¶ 8 ("Almonte Aff."). In addition, Webster Bank claims that the loan Taskem Corporation applied for required Small Business Association ("SBA") approval, and the SBA did not approve the application. Almonte Aff. ¶ 7, 9.

On or around January 5, 2022, Webster Bank denied Taskem Corporation's application and sent Taskem Corporation a denial letter. Def SMF ¶¶ 4–5; Almonte Aff., Ex. B, ECF No. 20-3 at 17 ("Denial Letter"). The Denial Letter attached a "Statement of Credit Denial" which explained that the loan request was denied because of "[r]eliance on projections with no secondary

---

Motion for Summary Judgment Filing, ECF No. 20-1, Mr. Scales has not filed a Local Rule 56(a)2 Statement with his opposition papers.

Even though Mr. Scales is unrepresented, he is not excused from complying with the Court's procedural and substantive rules. *See Evans v. Kirkpatrick*, No. 08-CV-6358T, 2013 WL 638735, at *1 (W.D.N.Y. Feb. 20, 2013) (citing *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006); *see also Jackson v. Onondaga Cnty.*, 549 F. Supp. 2d 204, 214 (N.D.N.Y. 2008) ("[W]hen a plaintiff is proceeding *pro se*, all normal rules of pleading are not absolutely suspended" (citation and internal quotation marks omitted)). Thus, the Defendant's facts, when supported by the evidence in the record, are deemed admitted. *See* D. Conn. L. Civ. R. 56(a)3 ("Failure to provide specific citations to evidence in the record as required by this Local Rule may result in the Court deeming admitted certain facts that are supported by the evidence in accordance with Local Rule 56(a)1, or in the Court imposing sanctions. . . .").

source of repayment. Business plan and projections lack sufficient detail to support the requested loan. No owner's equity; limited personal financial means." Def SMF ¶ 4; Denial Letter, ECF No. 20-3 at 18. The Denial Letter also stated that Mr. Scales could contact his underwriter if he "ha[d] any more information that [he] feel[s] would be helpful in the decision process" and that he should contact the named Credit Bureau if he felt there was an error in his Credit Report. Denial Letter, ECF No. 20-3 at 17. Webster Bank did not receive an updated credit report. Def SMF ¶ 10.

There is "no account or other relationship between" Mr. Scales and Webster Bank. Def SMF ¶ 14. Webster Bank claims that it cannot, based upon regulatory guidelines, make loans based upon an oral agreement. Almonte Aff. ¶ 14.[2]

### B. Procedural History

On August 25, 2023, Mr. Scales filed his Complaint in the Southern District of New York. *Scales v. Webster Bank*, Case No. 1:23-cv-07607-LTS, ECF No. 1 (S.D.N.Y. Aug, 25, 2023).

On January 9, 2024, Judge Laura Taylor Swain *sua sponte* transferred jurisdiction to the District of Connecticut. Transfer Order, ECF No. 7.

---

[2] As mentioned above, Mr. Scales did not submit a Statement of Material Facts. The Complaint includes the following factual allegations:

> The Defendant is being sued for Negligence, spoliation of documents, and breach of contract. The defendant stated my corporation was approved a business loan and without adequate reason terminated the verbal contract. The Defendant's personnel also created false reasoning and my corporation polished the highlighted reasons for the delay of t he [sic] business loan and the defendant refused to proceed with the process of the business loan. The defendant's reassurance of the business loan approval seem to have only been committed to retrieve additional information of my company's future business plans. The defendant was made aware all the highlighted areas of concern was polished and explained in further detail and simply stated it didn't matter it was a waste of time and they wouldn't approve the business loan already stated approved and only waiting for SBA approval. The defendant's promise of a business loan delayed seeking other options of seeking a business loan for months.
>
> The defendant also refused to communicate the reason for the breach of contract over email and stated they didn't have to provide a reason. The defendant was made aware the letter of denial was requested for a lawsuit against a web developer for missing track revenue and no form of repayment being the final statement made by webster bank and they changed their reason on the denial letter, possibly deliberately to not assist my corporation in any way shape or form.

Compl. at 5.

On March 13, 2024, Webster Bank filed its Answer. Answer, ECF No. 15.

On May 10, 2024, Webster Bank filed its first motion for summary judgment. Mot. for Summ. J., ECF No. 18.

On February 18, 2025, the Court denied Webster Bank's first motion for summary judgment without prejudice to renewal for failure to file proof of service of the required notice to Mr. Scales, and *sua sponte* extended the time to refile motions for summary judgment until March 7, 2025. Order, ECF No. 19.

On February 19, 2025, Webster Bank filed a second motion for summary judgment. Mot. for Summ J.

## II.     STANDARD OF REVIEW

A court will grant a motion for summary judgment if the record shows no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party may defeat the motion by producing sufficient evidence to establish that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48 (emphasis in original).

"[T]he substantive law will identify which facts are material." *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*; *see Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)

("[M]ateriality runs to whether the dispute matters, i.e., whether it concerns facts that can affect the outcome under the applicable substantive law." (citing *Anderson*, 477 U.S. at 248)).

"The inquiry performed is the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250. When a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine issue of material fact," the non-moving party must do more than vaguely assert the existence of some unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (internal citation and quotation marks omitted).

The party opposing the motion for summary judgment "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.* (internal citation and quotation marks omitted). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 250 (citations omitted).

When deciding a motion for summary judgment, a court may review the entire record, including the pleadings, depositions, answers to interrogatories, admissions, affidavits, and any other evidence on file to determine whether there is any genuine issue of material fact. *See* Fed. R. Civ. P. 56(c); *Pelletier v. Armstrong*, No. 3:99-cv-01559 (HBF), 2007 WL 685181, at *7 (D. Conn. Mar. 2, 2007). In reviewing the record, a court must "construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Gary Friedrich Enters., LLC v. Marvel Characters, Inc.*, 716 F.3d 302, 312 (2d Cir. 2013); *see also Dufort v. City of New York*, 874 F.3d 338, 343, 347 (2d Cir. 2017) ("On a motion for summary judgment, the

court must 'resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" (quoting *Estate of Gustafson ex rel. Reginella v. Target Corp.*, 819 F.3d 673, 675 (2d Cir. 2016))). A court will not draw an inference of a genuine dispute of material fact from conclusory allegations or denials, *see Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011), and will grant summary judgment only "if, under the governing law, there can be but one reasonable conclusion as to the verdict," *Anderson*, 477 U.S. at 250.

Complaints filed by pro se plaintiffs "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman*, 470 F. 3d at 474) (internal quotation marks omitted); *see also Tracy v. Freshwater*, 623 F. 3d 90, 101–02 (2d Cir. 2010) (discussing the "special solicitude" courts afford *pro se* litigants).

## III. DISCUSSION

Mr. Scales brings suit for breach of contract, spoliation of documents, and negligence.

The Court will first address the continuing viability, following Webster Bank's motion for summary judgment, of his breach of contract claim, and then will address his remaining claims.[3]

### A. The Breach of Contract Claim

To state a claim for breach of contract under New York law, "the complaint must allege: (i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Johnson v. Nextel Commc'ns, Inc.*, 660 F.3d 131, 142

---

[3] "A federal trial court sitting in diversity jurisdiction must apply the law of the forum state to determine the choice-of-law." *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001). Under Connecticut law, "the validity and construction of a contract generally are determined by the law of the state of execution or by the law of the state in which the contract is to be performed." *Brandewiede v. Emery Worldwide*, 815 F. Supp. 60, 63 (D. Conn. 1992). Here, because Mr. Scales is domiciled in New York and his alleged contract with Webster Bank related to a loan for a New York business, New York law applies to Mr. Scales's state law claims.

(2d Cir. 2011). "Under New York law, whether a binding agreement exists is a legal issue, not a factual one." *Vacold LLC v. Cerami*, 545 F.3d 114, 123 (2d Cir. 2008) (citations omitted).

A contract, whether express or implied, "requires such elements as consideration, mutual assent, legal capacity and legal subject matter." *Maas v. Cornell Univ.*, 721 N.E.2d 966, 970 (N.Y. 1999). "It is well settled under New York law that although there is no written contract between two parties, 'a contract may be implied in fact where inferences may be drawn from the facts and circumstances of the case and the intention of the parties as indicated by their conduct.'" *Ellis v. Provident Life & Accident Ins. Co.*, 3 F. Supp. 2d 399, 409 (S.D.N.Y. 1998), *aff'd sub nom. Ellis v. Provident Life & Acc. Ins. Co.,* 172 F.3d 37 (2d Cir. 1999) (quoting *In the Matter of Boice,* 640 N.Y.S.2d 681, 682 (N.Y. App. Div. 1996)). "A contract cannot be implied in fact[, however,] where the facts are inconsistent with its existence, or against the declaration of the party to be charged, . . ., or against the intention or understanding of the parties; or where an express promise would be contrary to law. The assent of the person to be charged is necessary, and, unless he has conducted himself in such a manner that his assent may fairly be inferred, he has not contracted." *Ellis*, 3 F. Supp. 2d at 409 (quoting *Miller v. Schloss*, 113 N.E. 337, 339 (N.Y. 1916)).

In his Complaint, Mr. Scales alleges that his "corporation was approved a business loan and without adequate reason [Webster Bank] terminated the verbal contract." Compl. at 5.

Webster Bank, however, argues "there was no loan or agreement for a loan approved by the Defendant to the Plaintiff."[4] Mot. for Summ J. at. 7. It claims that "[t]here is no business or

---

[4] To the extent that Webster Bank argues that because Taskem Corporation, not Mr. Scales, was the party who applied for a loan, and thus his breach of contract claim must fail, *see* Almonte Aff. ¶ 4 ("Plaintiff purportedly seeks damages as a result of the Bank's rejection of a business loan application submitted, not by the Plaintiff, but by his company, non-party Taskem Corporation . . .There is, therefore, no basis for the claim against the Defendant."), the fact that Mr. Scales is named as Plaintiff rather than Taskem Corporation is not dispositive. "It is well established that a plaintiff in a breach of contract action 'may not assert a cause of action to recover damages for breach of contract against a party with whom it is not in privity.'" *Yucyco, Ltd. v. Republic of Slovenia*, 984 F. Supp. 209, 215 (S.D.N.Y. 1997) (quotation omitted). Interpreting the facts in the light most favorable to Mr. Scales, however, the Loan Application

7

account relationship between the Defendant and the Plaintiff[,] and [t]here was no oral agreement for a loan." *Id.*

The Court agrees.

Mr. Scales has not alleged the existence of a written contract, but rather he argues that the parties reached a "verbal contract." Compl. at 5. Yet, there are no facts in the record supporting the existence of a verbal contract apart from Mr. Scales's allegations in the Complaint. *See Cifarelli v. Vill. of Babylon*, 93 F.3d 47, 51 (2d Cir. 1996) ("[M]ere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment."). Moreover, Webster Bank has asserted, and Mr. Scales does not dispute, that Webster Bank "does not (nor can it based upon regulatory guidelines) make loans based upon an 'oral agreement.'" Almonte Aff. ¶ 14; *see also Ellis*, 3 F. Supp. 2d at 409 ("A contract cannot be implied in fact . . . where an express promise would be contrary to law." (citation omitted)); *Caires v. JP Morgan Chase Bank*, 745 F. Supp. 2d 40, 51, 53 (D. Conn. 2010) ("The *D'Oench, Duhme* doctrine based on the 1942 United States Supreme Court case and subsequent judicial interpretation and legislative codification, invalidates certain agreements made between a bank's representatives and borrowers . . . unless the agreement meets certain requirements, including being reduced to writing. . . Defendant is entitled to the protections of the *D'Oench*, *Duhme* doctrine and 12 U.S.C. § 1823(e) as an assignee of the FDIC"); 12 U.S.C. § 1823(e)(1) ("No agreement which tends to diminish or defeat the interest of the [FDIC]

---

suggests that he is the owner of Taskem Corporation, and thus he is in privity of contract with Taskem Corporation and may sue for breach of contract on behalf of the corporation. *See Emerson Elec. Co. v. Holmes*, No. 16CV1390PKCSIL, 2020 WL 4592808, at *17 (E.D.N.Y. Aug. 11, 2020) ("A corporate officer and sole owner of a corporation is in privity with the corporation."). Alternatively, even if Mr. Scales were not in privity to the alleged contract, if his breach of contract claim did not suffer from the defects discussed herein, dismissal of this case without granting an opportunity to amend to substitute Taskem Corporation as Plaintiff in this case would be improper. *See* Fed. R. Civ. P. 17(a)(3) ("The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action."); *see also Tracy*, 623 F. 3d at 101–02 (discussing the "special solicitude" courts afford *pro se* litigants).

in any asset acquired by it . . . shall be valid against the [FDIC] unless such agreement—(A) is in writing,); *see also* Federal Deposit Insurance Corporation ("FDIC"), *Webster Bank, National Association*, FDIC Cert No. 18221, https://banks.data.fdic.gov/bankfind-suite/bankfind/details/18221 (last visited April 23, 2025).[5]

To the extent that Mr. Scales argues that the Loan Application constituted an implied contract, "[a] loan application and discussions with a lender about the requirements necessary to obtain that loan, . . . , are insufficient to give rise to a valid and binding contract, express or implied." *Seren Fashion Art & Interiors, LLC v. B.S.D. Cap., Inc.,* No. 23-CV-2349 (JGLC), 2023 WL 7529768, at *4 (S.D.N.Y. Nov. 13, 2023), *appeal dismissed*, No. 23-7837, 2024 WL 4866898 (2d Cir. May 28, 2024); *see also Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 533 (E.D.N.Y. 2015) ("Despite plaintiff's allegations to the contrary, submitting an application to Ocwen's loan modification program does not create a binding agreement. Under New York law, defendant was under no obligation to modify the terms of plaintiff's mortgage.") (citations omitted). The Loan Application does not offer any guarantees that Taskem Corporation will receive a business loan. Rather, the information regarding the loan is included under a heading titled, "Loan Request Information," *see* ECF No. 20-3 at 10, and the application notes that additional documentation is required, *see id.* at 14. In addition, the Denial Letter informs Mr. Scales that Webster is "unable to grant [his] request." *Id.* at 17. Even considering these facts in the light most favorable to Mr. Scales, there is no genuine dispute of material fact that suggests that

---

[5] The Court may take judicial notice of the fact that Webster Bank is an FDIC insured institution. *See United States v. Sliker*, 751 F.2d 477, 485 (2d Cir. 1984) ("As said in *Cook v. United States*, [320 F.2d 258, 259–60 (5th Cir. 1963)] while the principle permitting inference of a prior from a subsequent condition 'is to be used with caution,' '[t]his seems ... to be an appropriate place for its application' in light of 'the common knowledge of the nearly universal prevalence of the banks of the United States having their deposits insured by the Federal Deposit Insurance Corporation[.]'" (citing *United States v. Phillips,* 427 F.2d 1035, 1037 (9th Cir.1970) (noting "[c]ourts may take judicial notice of any fact 'capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy'" and taking judicial notice of fact that bank was FDIC insured)).

the parties had mutually assented to enter into a contract. Nor is there anything in this record to support the existence of consideration.[6] As a result, there is no evidence supporting the formation of a contract between Webster Bank and Mr. Scales, or Taskem Corporation, for a business loan.

Accordingly, Webster Bank's motion for summary judgment on Mr. Scales's breach of contract claim will be granted.

### B. The Remaining Claims

#### 1. The Negligence Claim

"Under New York law, the elements of a negligence claim are: (i) a duty owed to the plaintiff by the defendant; (ii) breach of that duty; and (iii) injury substantially caused by that breach." *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002). "In the absence of a duty, as a matter of law, there can be no liability." *Pasternack v. Lab'y Corp. of Am. Holdings*, 59 N.E.3d 485, 490 (N.Y. 2016) (citations omitted). "The definition and scope of an alleged tortfeasor's duty owed to a plaintiff is a question of law." *Id.* (citations omitted).

In addition, "[u]nder New York law, a breach of contract will not give rise to a tort claim unless a legal duty independent of the contract itself has been violated. Such a 'legal duty must spring from circumstances extraneous to, and not constituting elements of, the contract, although it may be connected with and dependent on the contract.'" *Bayerische Landesbank, New York Branch v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 58 (2d Cir. 2012) (citations omitted). As a result, "[w]here an independent tort duty is present, a plaintiff may maintain both tort and contract claims arising out of the same allegedly wrongful conduct. . . however, [where] the basis of a party's claim is a breach of solely contractual obligations, such that the plaintiff is merely seeking to

---

[6] "Under New York law, '[c]onsideration is defined as either a bargained for gain or advantage to the promisee or a bargained for legal detriment or disadvantage to the promisor.'" *Seren Fashion Art & Interiors*, 2023 WL 7529768, at *5 (quoting *Greenberg v. Greenberg*, 646 F. App'x 31, 32 (2d Cir. 2016) (summary order)) (alteration in original).

obtain the benefit of the contractual bargain through an action in tort, the claim is precluded as duplicative." *Id.* at 58.

Mr. Scales brings a negligence claim, presumably based on allegations that Webster Bank "refused to communicate the reason for the breach of contract over email and stated they didn't have to provide a reason." *See* Compl. at 5. This claim, however, is predicated solely on Mr. Scales's failure "to obtain the benefit of the contractual bargain," and thus fails, given that the Court has dismissed his breach of contract claim. *See Bayerische Landesbank*, 692 F.3d at 58; *see also Beck v. Metro. Bank Holding Corp.*, 747 F. Supp. 3d 442, 465 (E.D.N.Y. 2024) (dismissing Plaintiff's negligence claim where it "is duplicative of her breach of contract claim because the negligence claim does not arise out of any legal duty independent of the contract and it does not allege any separate injuries" and Plaintiff "has failed to point to any duty of care that [Defendant] owed her separate and apart from its obligations under the Agreements.").

In addition, even if Mr. Scales intended to bring a negligence claim for conduct unrelated to his breach of contract claim, he fails to demonstrate that Webster Bank owed him a duty of care. Mr. Scales has not provided the Court with any precedent—nor has the Court identified any precedent—supporting the proposition that a bank owes a duty of care towards a loan applicant, and "[c]ase law instead supports the proposition that a lender does not have a duty of care toward a loan applicant." *Seren Fashion Art & Interiors*, 2023 WL 7529768, at *6 (citing *Lombard*, 280 F.3d at 217 ("GDB had no obligation even to consider Lombard's loan application, much less to grant it, and BAH was not hired to communicate anything to Lombard, much less to induce detrimental reliance."); *Genna v. Sallie Mae, Inc.*, No. 11-CV-7371 (LBS), 2012 WL 1339482, at *4 (S.D.N.Y. Apr. 17, 2012) ("[C]ase law is sufficiently clear and consistent that in New York 'an arm's length borrower-lender relationship ... does not support a cause of action for negligent

11

misrepresentation[.]" (citation omitted)); *and Dobroshi v. Bank of Am., N.A.*, 886 N.Y.S.2d 106, 109 (N.Y. App. Div. 2009) ("This court has repeatedly held that an arm's length borrower-lender relationship is not of a confidential or fiduciary nature and therefore does not support a cause of action for negligent misrepresentation.")). Nor is there anything in this record of any other relationship between the parties that would create a dispute of material fact about the existence of a legal duty. In the Loan Application, Mr. Scales indicated that Taskem Corporation is not an existing customer of Webster Bank, *see* Loan Application, ECF No. 20-3 at 7 ("Existing Customer? N") and Webster Bank has indicated, and Mr. Scales does not refute, that "[t]here is no account or other relationship" between the bank and Mr. Scales. Def SMF ¶ 14.

Accordingly, summary judgment for Webster Bank as to Mr. Scales's negligence claim will be granted.

### 2. The Spoliation Claim

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (2d Cir. 1999). "Claims of evidence spoliation can arise in two circumstances. First, a party may seek a sanction for alleged spoliation." *Thaqi v. Wal-Mart Stores E., LP*, No. 09-CV-755 JMA, 2014 WL 1330925, at *7 (E.D.N.Y. Mar. 31, 2014) (citing *Mali v. Fed. Ins. Co.*, 720 F.3d 387, 392–93 (2d Cir. 2013)); *see also* Fed. R. Civ. P. 37(b)(2) ("If a party . . .fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders."). "Even without a discovery order, a district court may impose sanctions for spoliation, exercising its inherent power to control litigation." *West*, 167 F.3d at 779.

"Second, even if an aggrieved party does not seek sanctions for spoliation, the party may still be entitled to an adverse inference on summary judgment (or a permissible adverse inference instruction at trial) if the record warrants such an inference." *Thaqi*, 2014 WL 1330925, at *7 (citing *Mali*, 720 F.3d at 392–93). "The record can warrant an adverse inference concerning spoliation where the moving party establishes that: (1) the evidence at issue existed; (2) the evidence was in the exclusive possession of the non-moving party; and (3) 'the non-production of the [evidence] has not been satisfactorily explained.'" *Id.* (citing *Mali*, 720 F.3d at 393) (alteration in original).

"While a party to an action may bring a motion for sanctions for spoliation against another party in that action, there is no independent federal cause of action for spoliation." *Andrews v. City of New York*, No. 23-CV-2411 (LTS), 2023 WL 3724978, at *5 (S.D.N.Y. May 30, 2023) (citing *Sterbenz v. Attine*, 205 F. Supp. 2d 65, 74 (E.D.N.Y. 2002) ("Plaintiff provides no supporting authority for her assumption that a court's inherent power to impose sanctions for spoliation extends to situations where, as here, the failure to preserve evidence occurred prior to the initiation of any lawsuit and allegedly impeded an action other than the one in which the sanctions are being sought. . . . Whatever else it may mean, the 'inherent power' doctrine does not effectively afford a federal cause of action for spoliation where a state law claim does not exist."); *see also Ortega v. City of New York*, 876 N.E.2d 1189, 1197 (N.Y 2007) ("For all of these reasons, we join the majority of jurisdictions to consider the issue . . . and decline to recognize spoliation of evidence as an independent tort claim.").

Mr. Scales asserts a claim for spoliation of documents that seemingly arises from allegations that Webster Bank falsified the reason for the denial of his loan application in response

13

to potential litigation.[7] *See* Compl. at 5 ("The Defendant's personnel also created false reasoning . . . they changed their reason on the denial letter, possibly deliberately to not assist my corporation in any way shape or form").

As discussed above, Mr. Scales has not provided any genuine dispute of material fact regarding the existence of an oral agreement to provide services or the existence of a legal duty that Webster Bank owed him. As a result, his spoliation claim is not viable, as there are no factual allegations supporting Mr. Scales's state claims for breach of contract and negligence, and "New York does not recognize spoliation of evidence as an independent tort."[8] *Lalima v. Consol. Edison Co. of New York*, 58 N.Y.S.3d 66, 68 (N.Y. App. Div. 2017) (citing *Ortega*, 876 N.E.2d at 1197).

Accordingly, summary judgment against Mr. Scales's spoliation claim will be granted.

## IV. CONCLUSION

For the foregoing reasons, Webster Bank's motion for summary judgment is **GRANTED**.

The Clerk of Court is respectfully directed to enter judgment for Webster Bank, and to close this case.

**SO ORDERED** at New Haven, Connecticut, this 25th day of April, 2025.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE

---

[7] Mr. Scales also alleges that Webster Bank made assurances "of [his] business loan approval . . . only . . . to retrieve additional information of [his] company's future business plans." Compl. at 5. As discussed above, however, there is nothing in this record, much less enough to create a genuine issue of material fact, to support the proposition that Webster Bank agreed to provide Mr. Scales or his company with a business loan, and Webster Bank's solicitation of information required to process his loan application is insufficient to allege the formation of an implied contract. *See Seren Fashion Art & Interiors*, 2023 WL 7529768, at *4 (citing *Lapine v. Seinfeld*, 918 N.Y.S.2d 313, 318 (N.Y. Sup. Ct. 2011) ("While the complaint alleges that HarperCollins solicited plaintiff's manuscript, plaintiff does not submit any authority and, indeed, does not argue, that such solicitation, without more, is sufficient to plead an implied-in-fact contract.")).

[8] Moreover, on this record, there is no evidence suggesting that Webster Bank has failed to produce relevant evidence that would support sanctions or an adverse inference for spoliation. *See Cifarelli*, 93 F.3d at 51 ("[M]ere conclusory allegations, speculation or conjecture will not avail a party resisting summary judgment.")